Appeal of **OLSEN WATER & TOW- Docket No. 1908.
ING CO.**

Submitted April 7, 1925; decided May 20, 1925.

*Walter N. Dean, C. P. A.*, for the taxpayer.
*Arthur H. Fast, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, and TRUSSELL.

This is an appeal from a determination of deficiency in income and profits taxes for the years 1917 to 1919, inclusive, in the amounts of $3,073.85, $5,731.22, and $2,237.67, respectively, a total of $11,032.84, of which only approximately $4,765.16 is in controversy.

FINDINGS OF FACT.

The taxpayer is a New York corporation with its principal office in New York City.

During the years in question it was the owner and operator of certain tugs in New York Harbor.

In connection with the operations of the United States Navy Department during the war, two of the taxpayer's boats were commandeered during parts of the years 1918 and 1919. At the time such boats were commandeered, the Navy Department entered into an agreement with the taxpayer which provided for the payment of a monthly charter hire and an allowance to be made when the boats were returned of an amount sufficient to restore the boats in the same condition and good order as when they were delivered to the Navy Department. During September, 1919, the taxpayer received in settlement of the allowance for restoration the sum of $7,031.60. The taxpayer included said amount in its income for the year 1919, and also deducted in the same year the sum of $4,986.69, representing the cost of reconditioning after the boats were returned to the taxpayer. The Commissioner adjusted the taxable income of the taxpayer for the years 1918 and 1919 by apportioning the above-mentioned sum of $7,031.60 over the entire period covered by the charter from the Navy Department.

It is alleged by the taxpayer and admitted by the Commissioner that the Commissioner erred with respect to the 1917 determination, in that he allowed a 7 per cent excess-profits credit, when the true excess-profits credit was 8 per cent.

It is further admitted by the Commissioner that in his determination he did not deduct that portion of the above-mentioned payment from the United States which he claims relates to 1918, from income for the year 1919, and that his determination for the year 1919 of net income is therefore erroneous in the sum of $3,734.03; and that he further erred by adding to the 1919 income the sum of $3,297.57, he having in his determination overlooked the fact that the sum of $7,031.60 was included by the taxpayer in the 1919 income.

It is further alleged by the taxpayer and admitted by the Commissioner that the Commissioner erred in connection with his deter-

mination by excluding from the capital account of the taxpayer, subject to depreciation in 1919, a certain sum of $18,000, representing capital expenditures upon the ship *Margaret Olsen.*

It is further alleged by the taxpayer and admitted by the Commissioner that, for years prior to 1919, the Commissioner decreased the taxpayer's depreciation in an amount of $8,695.04, instead of $6,656.72, and that he should have increased invested capital for the year 1919 in the larger instead of the smaller of these amounts.

### DECISION.

The item of $7,031.60 should be treated as income for the year 1919, and should not be apportioned over the period of the charter. The deficiency should be recomputed in accordance with this decision and the admissions as set forth on the part of the Commissioner, in so far as such admissions are material. Final determination will be settled on consent or on ten days' notice, in accordance with Rule 50.